1   LAWRENCE G. TOWNSEND (SBN 88184)
    LAW OFFICES OF LAWRENCE G. TOWNSEND
2   455 Market Street, 19th Floor
    San Francisco, California 94105
3   Telephone:    (415) 882-3288
    Facsimile:    (415) 882-3299
4   E-Mail:       ltownsend@owe.com

5   Attorneys for Plaintiff THE ESTATE OF JAMES J. MARSHALL

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  THE ESTATE OF JAMES J. MARSHALL,          Case No.    CV11    6702

12                     Plaintiff,
                                               COMPLAINT FOR COPYRIGHT
13        vs.                                  INFRINGEMENT

14  JOHN VARVATOS OF CALIFORNIA, INC.,         DEMAND FOR JURY TRIAL
    a California corporation; JOHN VARVATOS
15  ENTERPRISES, INC., a Delaware
    corporation; and JOHN VARVATOS, an
16  individual, BLOOMINGDALE'S, INC., a
    Delaware corporation,
17
                       Defendants.
18

19
          Plaintiff The Estate of James J. Marshall alleges as follows:
20
                            JURISDICTION AND VENUE
21
          1.      This is an action for infringement of copyright pursuant to 17 U.S.C. Section 101
22
    *et seq.* Subject matter jurisdiction is conferred by 17 U.S.C. Section 501, 28 U.S.C. Sections
23
    1331 and 1338.
24
          2.      The actions of the Defendants complained of herein took place within this
25
    jurisdiction, including Defendants' reproduction and display of the infringing material in this
26
    judicial district, and Defendants may be found within this judicial district. Venue is proper under
27

28                                            1

    Complaint For Copyright Infringement; Demand for Jury Trial; Case No: _____

1   28 U.S.C. Sections 1391 and 1400.

2   **INTRADISTRICT ASSIGNMENT**

3       3.    Intradistrict assignment is appropriate under Civil Local Rule 3-2(c) because this

4   is an Intellectual Property Action.

5   **FIRST CAUSE OF ACTION**
        **Copyright Infringement**

6       4.    The Estate of James J. Marshall ("Plaintiff") is being administered in San

7   Francisco Superior Court, Case No. PES-10-293338.  Jim Marshall ("Marshall") who died on

8   March 24, 2010,  was a world-renowned  photographer, particularly noted for his iconic

9   photographs of celebrated popular musical performers.  The administrator of the Estate is duly

10  vested with all powers necessary to bring this suit.

11      5.    Plaintiff is informed and believes, and thereon alleges that Defendants John

12  Varvatos of California, Inc. and John Varvatos Enterprises, Inc. (collectively "Defendant

13  Varvatos") are corporations organized and existing under the laws of the State of California and

14  State of  Delaware, respectively, with their principal place of business in Los Angeles and New

15  York, respectively.  Defendant John Varvatos, is an individual, the principal of Defendant

16  Varvatos who supervised and directed the infringing conduct that is the subject of this complaint

17  that occurred in this judicial district and where the harm to Plaintiff occurred.

18      6.    Plaintiff is informed and believes, and thereon alleges that Defendant

19  Bloomingdale's, Inc. is a corporation organized under the laws of Delaware with its principal

20  place of business in Cincinnati, Ohio.

21      7.    Plaintiff is the owner of the following photographic images created by Marshall:

22          a.    Jimi Hendrix with his guitar from Monterey Pop 1967;

23          b.    BB King, Albert King and Bobby Bland backstage at Circle Star Theater

24              in Redwood City in the early 1980's;

25          c.    Ray Charles at Longshoreman's Hall, San Francisco, 1961;

26          d.    The Beatles coming onto the stage for their last concert at Candlestick

27

28                            2

1    Park 1966;

2    e.    The Rolling Stones backstage in San Francisco 1965;

3    f.    Grace Slick and  Janis Joplin in 1967,

4    g.    Miles Davis sitting in the ring at Newman's Gym in San Francisco in

5         1971;

6    h.    Carlos Santana in the recording studio 1968

7    i.    John Coltrane at Gelder's studio 1963;

8    j.    Jimi Hendrix, Panhandle San Francisco 1967;

9    k.    Jimi Hendrix, Panhandle Crowd 1967;

10   l.    Miles Davis, San Francisco 1971;

11   m.   Michael Bloomfield Super Session in 1968;

12   n.    Pete Townshend San Francisco Civic Center in 1972;

13   o.    Bill Wyman San Francisco in 1965;

14   p.    Mick Jagger San Francisco in 1965;

15   q.    Bill Graham Panhandle in San Francisco 1967;

16   r.    Jim Morrison San Jose in 1967,

17   s.    Carlos Santana Columbia Records Hollywood in 1968; and

18   t.    Dead End Woodstock 1989.

19   Collectively the above are referred to herein as "Plaintiff's Images."

20       8.    Plaintiff's Images (items a, c, d, e, g, h, o, p, q, r, s and t, above) are covered by

21   U.S. Copyright Registration No. VA0001352549, issued and effective on December 7, 2005.

22   Item b, above, is covered by Registration No. TX0006031402 issued effective June 17, 2004.

23   The following items listed above are subjects of the below-referenced pending copyright

24   applications filed on December 27 and 28, 2011:

25       f.    Grace Slick and Janis Joplin - Case No. 1-703402967

26       i.    John Coltrane, Gelder's studio - Case No. 1-703402741

27       j.    Jimi Hendrix, Panhandle San Francisco - Case No. 1-703403093

28                              3

Complaint For Copyright Infringement; Demand for Jury Trial; Case No: _____

1          k.       Jimi Hendrix, Panhandle Crowd - Case No. 1-703403209

2          l.        Miles Davis, San Francisco 1971 - Case No. 1-703403274

3          m.     Michael Bloomfield Super Session 1968 - Case No. 1-703768921

4          n.       Pete Townshend San Francisco Civic Center 1972 - Case No. 1-

5                  703924628

6        9.      Plaintiff is informed and believes that Defendants commenced copying, preparing

7 derivative works, displaying, and/or distributing reproductions embodying Plaintiff's Images in

8 connection with and in Defendants' retail stores without the knowledge or consent of Plaintiff.

9 The infringing reproductions have appeared in Defendants' stores throughout California,

10 including in stores of Defendants here in the Northern District, and Plaintiff is informed and

11 believes that the infringing reproductions are displayed in Defendants' stores throughout the

12 United States.

13        10.     Plaintiff alleges that the acts of Defendant Varvatos were willful for these, among

14 other, reasons.  Defendant Varvatos is a sophisticated purchaser of copyrighted material.

15 Defendant John Varvatos purchased copies in the form of proofs of Plaintiff's Images and

16 thereafter, without Plaintiff's authorization or consent, made copies to display in the Varvatos

17 Soho  store in New York.  When Marshall learned of this, he spoke to Varvatos and made it clear

18 that there was absolutely no right to do so and that Varvatos knew better.  That having been

19 clearly communicated, Marshall did Varvatos a favor and allowed him to keep the reproductions

20 on the wall in the one store and the one store only.  Varvatos knew this was the extent of the

21 permission given, granted retroactively, and that no other reproductions could be made.  Years

22 later and after Marshall's death,  Defendants have now proceeded with new infringing

23 reproductions that are the subject of this lawsuit at a time when Defendants were and are as clear

24 as could be made that such acts of reproduction and display were and are infringing of Plaintiff's

25 copyright.

26        11.     The above described acts of reproduction, preparation of derivative works,

27 display, distribution and sale of the infringing products constitute copyright infringement,

28

4

Complaint For Copyright Infringement; Demand for Jury Trial; Case No: _____

1    including willful copyright infringement, as set forth in 17 U.S.C. 101 *et seq.*

2        12.    As a result of Defendants' acts of copyright infringement, Plaintiff is entitled to an

3    accounting of Defendants' profits and/or Plaintiff's actual damages or statutory damages under

4    the Copyright Act.

5

6        WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below:

7            (a)    For an accounting and award of all of Defendants' profits derived from the

8    acts of copyright infringement;

9            (b)    For actual damages sustained by Plaintiff for copyright infringement;

10           (c)    For statutory damages up to $150,000 for infringement of each of

11   Plaintiff's Images whose registration pre-existed the infringing activity;

12           (d)    For an injunction restraining Defendants from future acts of copyright

13   infringement;

14           (e)    For attorney's fees as permitted by the Copyright Act;

15           (f)    For costs of suit herein incurred; and

16           (g)    For such other and further relief as the court deems just and proper.

17

18                              Respectfully submitted,

19   Dated: December **29**, 2011        LAW OFFICES OF LAWRENCE G. TOWNSEND

20

21

22   By: _____
                              Lawrence G. Townsend
23                            Attorneys For Plaintiff
                              THE ESTATE OF JAMES J. MARSHALL

24   ///

25   ///

26   ///

27   ///

28                                   5

Complaint For Copyright Infringement; Demand for Jury Trial; Case No: _____

1

## DEMAND FOR JURY

2

3        Plaintiff hereby demands a trial by jury.

4

5    Dated:  December **29**, 2011         LAW OFFICES OF LAWRENCE G. TOWNSEND

6

7                                          By: _____

8                                                Lawrence G. Townsend
                                               Attorneys For Plaintiff
9                                              THE ESTATE OF JAMES J. MARSHALL

10

11

12

13    S:\LGT-TENA\Marshall\Complaint.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          6

---

Complaint For Copyright Infringement; Demand for Jury Trial; Case No: _____